Gail BELL, Plaintiff,

v.

ARLINGTON COUNTY, VA., et al., Defendants.

Civ. A. No. 87–0300–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Nov. 30, 1987.

Victor M. Glasberg, Alexandria, Va., for plaintiff.

Joseph Dyer, Fairfax, Va., Peter H. Maier, Asst. Arlington Co. Atty., Arlington, Va., for defendants.

## MEMORANDUM OPINION

CACHERIS, District Judge.

The issue in this case is the constitutionality of the Arlington County Code Sections which prohibit cross-sexual massages.[1]

---

1. Arlington County Code § 49–7:

(2) It shall be unlawful for any massage technician to massage a person of another sex or to offer a massage to a person of another sex.

Both plaintiff and defendant Arlington County, Virginia, moved for summary judgment on the constitutionality of Arlington County Code Chapter 49. The court finds that the statute is unconstitutionally vague and grants plaintiff's Motion for Summary Judgment.

## I. *Background*

Plaintiff Gail Bell ("Bell") has brought suit under 42 U.S.C. § 1983, alleging a violation of her Fourth Amendment right to be free from unreasonable search and seizure, defamation, intentional infliction of emotional distress, false arrest and imprisonment, negligence and malicious prosecution.

Defendants are, Arlington County, Virginia, Police Chief William Stover, Deputy Chief Arthur Christiansen, Lt. John Karinshak, Lt. Gilbert Haring, Sgt. Henry Trumble, Detective Howard Hanes, Detective James Badey, Detective Paul Kozich, and Officer Lisa Somers. All of the individual defendants are Arlington County Police Officers.

Plaintiff is a trained masseuse who has all the necessary business licenses and permits to provide massage services as a massage therapist. In May, 1986, the defendants began an investigation of plaintiff's massage therapy practice. Despite her status as a licensed massage therapist, plaintiff was arrested under Chapter 49 of the Arlington County Code and charged with violating the Code section which prohibits a massage technician from giving a massage to a member of the opposite sex.

On October 1, 1986, the Arlington County Commonwealth's Attorney dismissed the charge against the plaintiff. On November 14, 1986, the Arlington County Circuit Court expunged all police and court records relating to the criminal charge filed against Bell.

Plaintiff has moved for summary judgment on her claim for declaratory injunctive relief relative to Chapter 49 of the Arlington County Code, requesting the court to declare that the Code Section is unconstitutionally vague. The defendant Arlington County has opposed the motion and asked for summary judgment on the grounds that the statute is not unconstitutionally vague.

## II. *Constitutionality of Arlington Code § 49–7*

■ Summary judgment "should be granted only where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir.1979) (*quoting Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950)). The burden is on the moving party to " 'show' that there 'is no genuine issue as to any material fact' and that he 'is entitled to judgment as a matter of law.' " *Charbonnages*, 597 F.2d at 414; Fed.R.Civ. P. 56(c). In determining whether this showing has been made, we must assess the evidence as forecast in the documentary materials before the court in the light most favorable to the party opposing the motion. The movant need not negate his opponent's case; he need only to disclose the absence of evidence to support that case. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ The court also recognizes that when a statute is fairly susceptible to more than one interpretation, the interpretation most consistent with constitutionality

---

Arlington Code § 49–2 defines massage technician and massage therapists as:

*Massage technician:* Any person who administers a massage to another person for pay. *Massage therapist:* Any massage technician who practices or administers as to all or any of the following named subjects, and who has made a study of the underlying principles of anatomy and physiology as generally included in a regular course of study by a recognized and approved school of massage, to wit: The art of body massage either by hands, or with a mechanical or vibratory apparatus for the purpose of body massaging, reducing or contouring; the use of oil rubs, heat lamps, salt glows, hot and cold packs, tub, shower or cabinet baths. Variations of the following procedures are employed: Touch, stroking, friction, kneading, vibration, percussion and medical gymnastics. Massage therapists shall not diagnose or treat diseases, nor practice spinal or other joint manipulations, nor prescribe medicines or drugs.

769

should be adopted. *See United States v. Rumely*, 345 U.S. 41, 45, 73 S.Ct. 543, 545, 97 L.Ed. 770 (1953). The court should determine whether a constitutional construction of the ordinance is possible in order to avoid a question of an unconstitutional construction. *Crowell v. Benson*, 285 U.S. 22, 62, 52 S.Ct. 285, 297, 76 L.Ed. 598 (1932). Bearing these principles in mind, the court turns to an analysis of the evidence.

█ In Arlington County's Motion, the County argues that the ordinance sets up two distinct categories, massage therapist and massage technician. The former could perform a cross-sexual massage, while the latter was prohibited. However, prior to Bell's arrest, the Police Department operated on the understanding, given to them by Henry Hudson, Arlington County Commonwealth's Attorney, that neither massage therapists nor massage technicians could give cross-sexual massages. (Plaintiff's Exhibit A).[2]

As the basis for Bell's arrest, the police department had interpreted the ordinance to state that massage therapists were a subclass of massage technicians, and therefore, were prohibited from giving cross-sexual massages. (Plaintiff's Exhibit B).[3]

Police Chief Stover, who was charged with the responsibility of enforcing the ordinance, had several problems understanding the statute. Stover believed the ordinance was "too vague," could only be understood by a lawyer, "unfair" to Ms. Bell, unclear "to a reasonably ordinary intelligent person of what is and what is not permissible," and that "it fails to give reasonable notice to a lay person as to what is lawful and what is not lawful for a massage therapist." (Stover Dep. pp 15–16, 25, 28, 29, 31, 76, 79).

Lt. John Karinshak, who was in charge of the Police's vice-control section, was under the belief that until last year all cross-sexual massages were illegal under the Arlington County Code. Karinshak thought

that, based on his interpretation of law, the statute had problems and that it was vague. (Karinshak Dep. pp 30, 32). He felt it was not clear as to who could or could not give cross-sexual massages. (Karinshak Dep. 44–45). As a result of problems with the Bell case, he found it necessary to draft a policy statement for the vice-squad in 1986 to prevent a repetition of an arrest similar to the one that occurred in this case. (Plaintiff's Exhibit B). Karinshak's memorandum indicated that massage technicians could not engage in cross-sexual massages, however, massage therapists could. Nevertheless, even after the County clarified its policy, Detective Kozich was still unclear as to whether Bell was entitled to massage men under the current ordinance. (Kozich Dep. p. 18).

The standard for determining whether the ordinance is unconstitutionally vague is where "its prohibitions are not clearly defined" and where a "person of ordinary intelligence" is not given a "reasonable opportunity to know what is prohibited so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 2299, 33 L.Ed.2d 222 (1972). The court continued in *Rockford* to state:

[A] vague law impermissibly delegates basic policy matters to ... [officials charged with enforcement] for resolution on an *ad hoc* and subjective basis, with attendant dangers of arbitrary and discriminatory applications.

*Grayned*, 408 U.S. at 108–109, 92 S.Ct. at 2298–99.

The court cannot avoid the constitutional problem as both sides have asked the court to decide the question. It is quite obvious that the statute is unconstitutionally vague. The County's argument that the statute sets up one standard for massage technicians and another for massage therapists fails because the police officers who were charged with the responsibility of enforcing the ordinance have found that they themselves have difficulty in interpreting

**2.** Mr. Hudson is no longer the Commonwealth's Attorney. He is presently the United States Attorney for the Eastern District of Virginia.

**3.** § 49–2 defines massage technician as "any person who administers a massage to another person for pay," and a massage therapist is defined as a massage technician with certain specified training.

it. Reading § 49–2's definition of massage technician together with § 49–7(2)'s prohibitions against cross-sexual massages, the statutes appear to say that any person who receives money from massages cannot give cross-sexual massages. This interpretation would include licensed massage therapists who receive money for massages. Yet, the Chapter appears to contemplate that massage therapists can give cross-sexual massages. Obviously the ordinance is confusing because the officers who were charged with the responsiblity for enforcement are confused over its interpretation. If the officers are confused, it is too much to ask the citizenry to know what is prohibited. Therefore, the court finds that § 49–7(2) is unconstitutionally vague. Plaintiff's Motion for Summary Judgment is GRANTED and defendants' Motion for Summary Judgment is DENIED.

An appropriate Order shall issue.